NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

_____
:
MARILYN JOYCE,                                  :
                                                :
       Plaintiff,                              :
                                                :           Civil Action No. 09-2460 (JAG)
       v.                                      :
                                                :                     OPINION
CONTINENTAL AIRLINES, INC. and                  :
THE PORT AUTHORITY OF NY & NJ,                  :
                                                :
       Defendants.                             :
_____:

**GREENAWAY, JR., U.S.C.J.**[1]

      This matter comes before this Court on the Motion for Dismissal of the Complaint Pursuant to FED R. CIV. P. 12(b)(6) and L. CIV. R. 7.1 ("Motion") (Docket No. 5), filed by defendant The Port Authority of New York and New Jersey ("Port Authority"). Specifically, Port Authority alleges that plaintiff Marilyn Joyce ("Plaintiff") failed to file her Complaint against Port Authority within the one-year limitations period provided by N.J. Stat. Ann. 32:1-163 (West 2010). Port Authority's Motion is granted.

## BACKGROUND

      Plaintiff alleges the following facts in her Complaint. On May 21, 2007, Plaintiff slipped and/or tripped and fell down a stairwell in the Continental Airlines terminal at Newark Liberty

---

[1] Sitting by designation.

International Airport.[2]  (Compl. ¶¶ 12-14.)  Plaintiff's slip and/or trip was caused by "an unreasonably dangerous, defective, precipitous and trap-like condition existing on or about" the stairwell, "to wit, an unreasonably wet and/or slippery condition or substance contained on said [] stairwell."  (Id. ¶ 14.)

As a result of Plaintiff's slip and/or trip,

> [She] was rendered sick, sore, lame and disabled; became incapacitated from participating in her usual daily activities, and may be so incapacitated indefinitely; suffered losses and/or limitations of quality of life; has been confined to hospital, bed and home for extended and considerable periods of time; was caused to retain and did necessarily employ medical and therapeutic aid and assistance; suffered and continued to suffer physical pain, fright, shock, fear, emotional and mental anguish, distress, depression and disturbance; expended and became obligated for sums of money for medical care, treatment and attention in an effort to cure herself of her injuries and to alleviate her pain and suffering; and Plaintiff was otherwise damaged and caused to suffer severe and lasting injuries of a permanent nature.

(Id. ¶ 19.)

On May 21, 2009, Plaintiff filed a Complaint against Continental Airlines, Inc. ("Continental") and Port Authority, alleging that each defendant "owned, operated, controlled, managed and/or maintained" the stairway at issue.  (Id. ¶¶ 21, 25.)  Plaintiff alleges that her "injuries were proximately caused by the negligence and other culpable conduct of Defendants, their agents and/or employees, in failing to maintain the stairwell in which [she] slipped and/or tripped and fell in a reasonably safe condition."  (Id. ¶ 2.)  Plaintiff seeks damages, costs, and disbursements "in no event less than $1,000,000."  (Id. ¶ 27.)

On August 25, 2009, Port Authority filed the motion to dismiss that is the subject of this Opinion.  (Docket No. 5.)  Plaintiff did not file a brief in opposition to Port Authority's Motion.

---

[2]  Plaintiff was in the airport in order to take a flight to Houston, Texas.  (Id. ¶ 12.)

2

At all times relevant to the Complaint, Plaintiff was a citizen of Texas. (Id. ¶ 6.) Plaintiff alleges, upon information and belief, that Port Authority was, and is, a public agency with its principal place of business in New York (Id. at ¶ 9), and that Port Authority "owns, operates, controls, manages and/or maintains Newark Liberty International Airport in Newark, New Jersey." (Id. at 10.)

## JURISDICTION AND VENUE

This Court has subject matter jurisdiction, pursuant to 28 U.S.C. § 1332, because there is complete diversity of citizenship between the parties, and the amount in controversy exceeds $75,000. Venue in this Court is proper, pursuant to 28 U.S.C. § 1391(c), because it has personal jurisdiction over Port Authority. "[V]enue in any suit, action or proceeding against the Port Authority shall be laid within a county or a judicial district, established by [New York or New Jersey] or by the United States, and situated wholly or partially within the Port of New York District. The Port Authority shall be deemed to be a resident of each such county or judicial district for the purpose of such suits, actions or proceedings." N.J. Stat Ann. § 32:1-162 (West 2010); N.Y. Unconsol.§ 7106 (McKinney 2010).

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides that a party may move to dismiss a claim for relief in any pleading for failure to state a claim upon which relief can be granted.

"Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations omitted). "When there are well-pleaded allegations, a

3

court should assume their veracity and then determine whether they plausibly give rise to an entitlement of relief." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009); see also Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384-85 (3d Cir. 1994) (a court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the non-moving party).  The question is whether the claimant can prove any set of facts consistent with his or her allegations that will entitle him or her to relief, not whether that person will ultimately prevail.  Semerenko v. Cendant Corp., 223 F.3d 165, 173 (3d Cir. 2000).  A motion to dismiss for failure to state a claim should be granted only if the party asserting the claim is unable to articulate "enough facts to state a claim to relief that is plausible on its face."  Twombly, 550 U.S. at 570.

## ANALYSIS

Port Authority moves to dismiss Plaintiff's Complaint on the ground that it is time-barred by the governing statute.  For the reason discussed below, Port Authority's Motion is granted.

"The Port Authority is a municipal instrumentality of New York and New Jersey created by a compact between these two states with the consent of Congress." Mineo v. Port Authority of New York & New Jersey, 779 F.2d 939, 940 (3d Cir. 1985).  "In 1950 and 1951 New York and New Jersey respectively enacted legislation that 'consent[ed] to suits, actions or proceedings of any form or nature at law, in equity or otherwise . . . against the [Port Authority].'" Feeney v. Port Authority Trans-Hudson Corp., 873 F.2d 628, 632 (2d Cir. 1989) (quoting N.Y. Unconsol. Laws § 7101 (McKinney 1979); N.J. Stat. Ann. § 32:1-157 (West 1963)).  Thus, New York and New Jersey made "Port Authority liable for torts to the same extent as a private corporation." King v. Port Authority of New York & New Jersey, 909 F. Supp. 938, 944 (D.N.J. 1995)

(citation omitted).

Because Port Authority would have enjoyed sovereign immunity from suit absent legislative consent to suits, "this waiver of immunity must be strictly construed." Id. (citations omitted).  One of the conditions imposed by the States of New Jersey and New York on suits against Port Authority is that the action must be commenced within one year of the date that the cause of action accrues.  N.J. Stat. Ann. § 32:1-163 (West 2010);  N.Y. Unconsol. Laws § 7107 (McKinney 2010).

Here, the incident that gave rise to Plaintiff's cause of action occurred on May 21, 2007 (Compl. ¶ 12), and the Complaint was filed on May 21, 2009.  (See generally id.)  Thus, Plaintiff did not file within the one-year limitation period required by the statute.  Further, Plaintiff makes no attempt to argue that, despite the imperative that this Court strictly construe the waiver of immunity as to suits against Port Authority, this Court should toll the limitations period.

Plaintiff's Complaint against Port Authority is dismissed, because it is barred by the one-year limitations period.

## CONCLUSION

For the reason stated above, Port Authority's Motion (Docket No. 5) is granted.

        S/Joseph A. Greenaway, Jr.
        JOSEPH A. GREENAWAY, JR., U.S.C.J.
        (Sitting by Designation)

March 4, 2010